# The City of Selma *et al. v.* The Selma Press and Warehouse Co.

*Bill in Equity to Enjoin the Collection of Municipal Tax and Vacate Levy and Assesment.*

1. *Municipal corporation; when cannot levy taxes.*—A municipality which has power "to levy taxes on real and personal property auction sales, and sales of merchandise, and capital employed in business therein, and street tax on all male inhabitants of the age of twenty-one years," is prohibited both by the absence of legislative authority, and by the enumeration of certain powers, of which this is not one, from levying a tax on the gross receipts of warehouses.

APPEAL from the City Court of Selma.

Tried before W. C. WARD, Esq., as special Chancellor.

This was a bill in equity, filed on January 22d, 1878, by the Selma Press and Warehouse Company, against the City of Selma and A. J. Goodwin, its tax collector, and sought to restrain the collection of a tax on the gross receipts of its business as a warehouse company, and to vacate and annul a levy which had been made on property belonging to it. The bill alleged that the complainant, a corporation located

[City of Selma v. Selma Press and Warehouse Co.]

in the city of Selma, was engaged in the business of storing cotton and other merchandise, and in compressing cotton for shipment; that by an ordinance of July 10, 1875, the city of Selma attempted to levy a tax on the gross receipts of all warehouses; that complainant listed all of its property for taxation except its gross receipts, which, by advice of counsel, it refused to do; that the city tax assessor for several years assessed this tax against the complainant, which it refused to pay, although it has paid all other taxes assessed against it by the city; that the tax will be again assessed against it, and that the real estate of the complainant had been levied on, and was about to be sold to pay this tax; that this tax is not authorized by the charter of the city of Selma. It was agreed that the cause should be tried on the averments of the bill, which were admitted to be true, the respondents denying that the city had no authority to impose the tax. The grant of power to the city to levy taxes is given in the opinion of the court. The special Chancellor rendered an opinion deciding that the city had no power to impose the tax, and his decree vacating the assessment and levy of the tax, and perpetually enjoining its collection, is assigned as error.

THOMAS W. CLARK, for appellant.—The power of taxation is conferred on the city in the most general terms. "The mayor and council shall have power to levy taxes on real and personal property, auction sales, and capital employed in business within said city, and sales of merchandise."—Acts of Ala. 1874-5, p. 38. Auction sales are mentioned because the auctioneer rarely, if ever, pretends to own the property he sells, and to attempt to collect from the individual owners would be impossible and cause an immense amount of trouble. Merchandise sales are also mentioned, because the merchant turns his capital over several times a year. Under the head of personal property, when the merchant came to list he would put down merchandise so much, meaning not more than the stock actually on hand, "capital employed in business." It is very frequently men are operating on borrowed capital, or persons have their residences at some other place, but have capital invested in business in the city.—U. S. Digest, Vol. X, Per. Prop. 2. And for these reasons, this enumeration was incorporated in the charter, and not from any intention to exclude all other subjects of taxation.

BROOKS & ROY, for appellee.

STONE, J.—The assignments of error, and the arguments

of counsel, raise but a single question : whether the city charter authorizes the levy of the tax the city attempted to impose? In *Baldwin v. City Council*, 53 Ala. 457, this court held that "the Legislature may confer on the municipalities it creates, such measure of power to levy and collect taxes as it may deem expedient, not greater or other than it possesses." It was added, "that this power is capable only of clear and unequivocal delegation. When express power to levy and collect particular taxes is conferred, the power to levy and collect other taxes is excluded. Or, if particular subjects of taxation are enumerated, the corporation has not capacity to enlarge them."—See, also, 2 Dil. on Mun. Corp. 3d ed. §§ 784 (623), 785 (624).

The city government of Selma has power "to levy taxes on real and personal property, auction sales and sales of merchandise, and capital employed in business in said city, and street tax on all male inhabitants of the city, of the age of twenty-one years and upwards." The tax complained of in this case was levied on the gross receipts of warehouses. This is not within any of the enumerated powers in the city charter, and its exercise is alike interdicted by the absence of legislative authority, and by the enumeration of certain powers, of which this is not one. The opinion of the special Chancellor is an able and well considered argument, fully sustained by his citations. We could not strengthen it by any thing we might add.

Affirmed.